NATHAN BEADLES, Plaintiff in Error, *v.* JOHN BLESS, Defendant in Error.

ERROR TO FULTON.

A wager, that a railroad will be completed within a certain time, is not prohibited by the common law or by our statute; and a recovery can be had upon it.

In an action to recover a wager, that a railroad would be built within a certain time, evidence, that the bet was talked of a good deal by the public, to show that it may have influenced subscriptions to the stock, was properly excluded. The court cannot say that it was against public policy to influence or discourage subscriptions to the road.

THIS was an action of assumpsit, commenced for the June term, 1859, of the Fulton Circuit Court, on the following instrument, viz.:

"On the second day of June, A. D. 1856, I promise to pay to John Bless or order, one hundred dollars, for value received, provided the Peoria and Hannibal Railroad shall not be completed between Farmington and Lewistown, Fulton Co., Ill., by the 1st day of June, 1856, so far as the tieing and laying of the rails of said road are concerned. Lewistown, July 13, 1855. N. BEADLES."

The defendant below (Beadles) pleaded the general issue.

The trial was had at the February term, 1860, before BAILEY, Judge, and a jury, when, in support of the issues on his part, the plaintiff called as a witness, *H. B. Evans,* who testified, that he knew defendant's handwriting, and that the signature to the instrument was that of defendant. The plaintiff then offered to read in evidence to the jury said instrument, (given above), to the reading of which, the defendant objected, on the ground that it was improper and irrelevant; but the court overruled the objection and admitted the note in evidence, and to be read to the jury, which was done, and defendant excepted.

The witness Evans then continued his testimony as follows, on behalf of plaintiff below: I have seen this contract or instrument (the one copied above) before now. It was signed by Beadles in my presence. Bless was present. Both requested me to take and put it away. I think there was a similar contract made by Bless to Beadles for the same amount, and payable provided the railroad should be completed, as recited in this contract, by the 1st of June, 1856. Don't recollect that the one to Beadles was left with me. These contracts were got up in my store in Lewistown, Fulton county, Ill. Bless and Beadles came into the store, talking

about the completion of the Peoria and Hannibal Railroad to Lewistown. Beadles offered to put up his watch against $100 in money, that the road would be completed to Lewistown by the 1st June, 1856. This was in 1855. I offered to hold the stakes. They finally agreed to put up their notes payable at the same time and on opposite contingencies—Beadles to Bless, if the railroad should not be completed by the 1st June, 1856, to Lewistown, and Bless to Beadles, if the road should be so completed by that time—and the contracts or notes were executed accordingly, and this one left with me to be delivered to Bless if the said road should not be completed according to its terms. The said railroad was not completed to Lewistown according to the terms of the contract, and has not been yet; and after 1st June, 1856, I delivered the contract present to plaintiff. I have been all along the track of said road, and the same is not yet completed to Lewistown by laying rails and tieing. Bless came to me and got the contract, after the time had expired when I was to give it up to him.

On being cross-examined, said witness testified as follows: Before these contracts were gotten up, the parties were talking about the early completion of the railroad. There seemed to be a difference of opinion. Beadles was then engaged in obtaining subscriptions to the stock of the road. Beadles was highly spoken of as a good manager to get subscriptions. Plaintiff was a stockholder. Think he was friendly to the road. Have heard him say he would be glad to have the road.

Defendant then offered to prove by this witness that this bet or transaction was talked of by the public about Lewistown a great deal when subscriptions were being obtained to the stock of said railroad. The plaintiff objected to this proof, and the court sustained the objection, and refused to permit such evidence to go to the jury, and the defendant excepted.

*S. C. Judd* was then called by the plaintiff, who testified, that the body of the instrument above given was in his handwriting; that he drew this one and its counterpart, at the request of the parties; that several persons were present at the time of the transaction ; that the other instrument (the one payable to Beadles), according to his recollection, was payable in the event the Peoria and Hannibal Railroad should be completed between Farmington and Lewistown, Fulton county, Illinois, by the 1st of June, 1856, so far as the tieing and laying of the rails were concerned, and was for the like sum with the one payable to Bless ; that these instruments were drawn in Evans' store, Lewistown.

This was all the evidence offered in the case by either party.

The defendant then moved the court to exclude from the jury all the evidence offered and admitted on the part of the plaintiff, on the grounds, that it showed no right of recovery whatever ; that it showed the instrument offered was without consideration ; and that it showed that the transaction, in consideration of which and out of which the contract sprung and was created, was a bet, and against public policy, and hence no recovery should be allowed in the case. But the court overruled the motion, and refused to exclude the said evidence; to which the defendant excepted. The defendant brings the case to this court by writ of error.

The jury rendered a verdict of $122, against the defendant.

JUDD, BOYD & JAMES, for Plaintiff in Error.

S. P. SHOPE, for Defendant in Error.

CATON, C. J.   This action was on the following agreement :

"On the second day of June, A. D. 1856, I promise to pay to John Bless or order, one hundred dollars, for value received, provided the Peoria and Hannibal Railroad shall not be completed between Farmington and Lewistown, Fulton Co., Ill., by the 1st day of June, 1856, so far as the tieing and laying of the rails of said road are concerned. Lewistown, July 13, 1855.        N. BEADLES."

This, in form at least, is simply a contract for the payment of money, dependent on a future contingency. And in that aspect is quite unexceptionable. The testimony, however, gives the transaction something of the character of a wager, and shows that a similar agreement was given by the payee to the maker of this agreement, payable upon the opposite contingency. But if viewed in the light of a wager, as we understand the common law, the plaintiff has a right to recover upon it. It is not prohibited by our statute ; it has no immoral, indecent, illegal or pernicious tendency. Such wagers are recoverable at the common law, although the parties have no interest in the event upon which the wager depends. No doubt many excellent jurists have regretted that such idle agreements should be recognized in, and enforced by the courts, yet such is the law, and it is not for us to reform it. But in this case, surely, we cannot safely affirm that these parties had no interest in the event, upon which the promise to pay depended. The plaintiff may have had a legitimate and proper interest in having the road completed, within the time specified in the agreement, and desired to stimulate the defendant to

secure its completion, or failing in that, to indemnify himself to the extent of the one hundred dollars. Or the defendant might have had an equal interest in not having it completed in that time. The one may believe, that public policy and the public good required that the whole community should exert itself to complete the road; while the other might have entertained the opinion, that such a course would be detrimental to himself and the public. It is not for us to say which may have been right in their opinions. At all events, we cannot say that the wager, if it was one, was illegal or immoral; and as a simple question of law, we must hold it valid. Nor do we think the court erred in ruling out the evidence offered. What matter, if people did talk about the wager, or if it influenced some to subscribe to the railroad stock, and prevented others from subscribing. We cannot say that one or the other was the wisest course, or that there was anything immoral or illegal for either or both parties to exert their influence one way or the other on the subject.

The judgment must be affirmed.

*Judgment affirmed.*